**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RICKEY STATEN | § | |
| | § | |
| v. | § | Case No. 2:13CV483-RSP |
| | § | |
| PANOLA COUNTY, TEXAS, ET AL. | § | |

## MEMORANDUM RULING

Currently before the Court is Defendant Adam Jones' Motion for Summary Judgment, filed on October 21, 2013 (Dkt. No. 17), for which oral argument was held on November 25, 2013. Plaintiff's Response was filed on November 4, 2013 (Dkt. No. 18). The issue presented by the motion is whether Defendant Jones is entitled to qualified immunity. For the reasons that follow, the Court finds that he is.

The Court finds that the following facts are established by the summary judgment evidence, specifically the deposition of Plaintiff Rickey Staten. Staten is the owner of the R&K Body Shop in Deberry, Texas. On June 14, 2011, Defendant Olin Hargett arrived at R&K in his tow truck and began to hook up a vehicle (the "Lewis vehicle") in order to tow it away. Staten told his wife to call the Sheriff and proceeded to attempt to stop the tow truck from leaving with the Lewis vehicle. Hargett represented that he had valid repossession papers, on behalf of the creditor defendants which financed the vehicle. Hargett had the vehicle hooked to his tow truck and was attempting to leave. Staten represents that he had told Hargett several days before that there was a $2,490 towing and storage bill that would have to be paid before the vehicle could be towed. Staten complains that the tow truck stuck him while he was attempting to block its way, and he told his wife again to call the Sheriff.

1

Defendant Deputy Adam Jones responded to the calls from Plaintiff and talked with both Staten and Hargett in the R&K yard. Counsel for Plaintiff did not want to concede at the hearing that Staten called Jones to the yard to intervene in the attempted repossession, but he did concede that there is no summary judgment evidence to rebut the strong natural inference that this was the purpose of Plaintiff's calls to the Sheriff. After listening to both sides, Deputy Jones said that he felt that Hargett could proceed with the repossession and that Staten did not have the state license necessary to be a towing company or vehicle storage facility, which Staten does not deny.

The question presented is whether Jones violated a constitutional right of Staten that a reasonable police officer would have known was clearly established. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). This question has two parts: (1) whether a constitutional right has been violated, and (2) whether that right was clearly established at the time, which is to say that the officer's action was "objectively unreasonable in light of clearly established law at the time" in question. *Pearson v. Callahan*, 555 U.S. 223 (2009). The court may approach these questions in any order. In the context of this case, the question becomes whether it was clearly established that an officer responding to a call from a person objecting to a private repossession could not become involved in the dispute and express an opinion on the merits of the competing claims to the vehicle.

Plaintiff relies heavily on cases finding officers potentially liable for becoming involved in private repossessions on behalf of creditors. Typical of these is the opinion of the Tenth Circuit in *Marcus v. McCollum,* 394 F.3d 813 (10th Cir. 2004). In *Marcus,* a creditor advised an officer that he would be repossessing a vehicle. When the plaintiff resisted, the officer was summoned by the creditor and threatened the plaintiff with arrest if he impeded the repossession.

2

The Court quoted the Supreme Court's opinion in *Jackson v. Metro Edison Co.*, 419 U.S. 345, 349 (1974):  "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment."  The line is crossed only when the officer has "exercised coercive power or provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."

In order for a right to be "clearly established" the Court "must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity and that places the statutory or constitutional question beyond debate." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir.2012).  There is absolutely no authority offered by the Plaintiff, or found by the Court, for the proposition that an officer becomes impermissibly involved in a private repossession when he is summoned by the party resisting repossession and merely opines that the repossessor appears to have a superior claim.  In criticizing the majority, Judge Garza noted the central role in the analysis played by which side summoned the police:  "It ignored the undisputed fact that it was the two repossessors who summoned the policemen after Mr. Menchaca appeared to thwart their attempts at taking his car. That fact is central."  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 513 (5th Cir. 1980).  By relying on caselaw that does not match up with the facts of this case on that "central" fact, Plaintiff has failed to show that the right allegedly violated was clearly established.

As Plaintiff himself pointed out in brief, "it is not the decision [of Deputy Jones as to who had the better claim] that is fundamentally at issue.  What is at issue is Defendant's choice to

3

*intervene* in a private repossession ... ."  (Dkt. No. 18 at 14).  The fact here is that Deputy Jones did not decide to intervene.  Plaintiff summoned Jones and asked him to intervene, and can complain only that he chose not to stop the repossession.  The Lewis vehicle was already hooked up to the tow truck when Jones arrived.  Jones merely permitted it to leave by not intervening to stop it.  That is not a violation of a clearly established constitutional right.  Accordingly, the Motion for Summary Judgment by Deputy Adam Jones (Dkt. No. 17) is GRANTED and the claims against him are dismissed with prejudice.

    **SIGNED this 10th day of December, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE